PETITION FOR WRIT OF HABEAS CORPUS: 28 USC §2254 (Rev. 9/10)
ADOPTED BY ALL FEDERAL COURTS IN TEXAS

# IN THE UNITED STATES DISTRICT COURT

## FOR THE __EASTERN__ DISTRICT OF TEXAS

## __TYLER__ DIVISION

### PETITION FOR A WRIT OF HABEAS CORPUS BY
### A PERSON IN STATE CUSTODY

__J stepan Hudgins__
**PETITIONER**
(Full name of Petitioner)

vs.

__Warden Jeffery Catoe__
**RESPONDENT**
(Name of TDCJ Director, Warden, Jailor, or
authorized person having custody of Petitioner)

__Coffield Unit__
**CURRENT PLACE OF CONFINEMENT**

__TDCJ# 1649033__
**PRISONER ID NUMBER**

__6:19cv 330 JDK/JDL__
**CASE NUMBER**
(Supplied by the District Court Clerk)

---

## INSTRUCTIONS - READ CAREFULLY

1. The petition must be legibly handwritten or typewritten and signed and dated by the petitioner, under penalty of perjury. Any false statement of an important fact may lead to prosecution for perjury. Answer all questions in the proper space on the form.

2. Additional pages are not allowed except in answer to questions 11 and 20. Do not cite legal authorities. Any additional arguments or facts you want to present must be in a separate memorandum. The petition, including attachments, may not exceed 20 pages.

3. Receipt of the $5.00 filing fee or a grant of permission to proceed *in forma pauperis* must occur before the court will consider your petition.

4. If you do not have the necessary filing fee, you may ask permission to proceed *in forma pauperis*. To proceed *in forma pauperis*, (1) you must sign the declaration provided with this petition to show that you cannot prepay the fees and costs, and (2) if you are confined in TDCJ-CID, you must send in a certified *In Forma Pauperis* Data Sheet form from the institution in which you are confined. If you are in an institution other than TDCJ-CID, you must send in a certificate completed by an authorized officer at your institution certifying the amount of money you have on deposit at that institution. If you have access or have had access to enough funds to pay the filing fee, then you must pay the filing fee.

5.  Only judgments entered by one court may be challenged in a single petition.  A separate petition must be filed to challenge a judgment entered by a different state court.

6.  Include all of your grounds for relief and all of the facts that support each ground for relief in this petition.

7.  Mail the completed petition and one copy to the U. S. District Clerk.  The "Venue List" in your unit law library lists all of the federal courts in Texas, their divisions, and the addresses for the clerk's offices.  The proper court will be the federal court in the division and district in which you were convicted (for example, a Dallas County conviction is in the Northern District of Texas, Dallas Division) or where you are now in custody (for example, the Huntsville units are in the Southern District of Texas, Houston Division).

8.  Failure to notify the court of your change of address could result in the dismissal of your case.

---

## PETITION

**What are you challenging?**  (Check all that apply)

- ☐  A judgment of conviction or sentence,   (Answer Questions 1-4, 5-12 & 20-25)
  probation or deferred-adjudication probation.
- ☐  A parole revocation proceeding.   (Answer Questions 1-4, 13-14 & 20-25)
- ☑  A disciplinary proceeding.   (Answer Questions 1-4, 15-19 & 20-25)
- ☐  Other:_____   (Answer Questions 1-4, 10-11 & 20-25)

**All petitioners must answer questions 1-4:**
**Note:** In answering questions 1-4, you must give information about the conviction for the sentence you are presently serving, even if you are challenging a prison disciplinary action. (Note: If you are challenging a prison disciplinary action, do not answer questions 1-4 with information about the disciplinary case. Answer these questions about the conviction for the sentence you are presently serving.) Failure to follow this instruction may result in a delay in processing your case.

1.  Name and location of the court (district and county) that entered the judgment of conviction and sentence that you are presently serving or that is under attack: _____

    Harris county 142nd District court

2.  Date of judgment of conviction: May 14 2010

3.  Length of sentence: 15 years

4.  Identify the docket numbers (if known) and all crimes of which you were convicted that you wish to challenge in this habeas action: 1204440 Murder

---

**Judgment of Conviction or Sentence, Probation or Deferred-Adjudication Probation:**

5.   What was your plea? (Check one)   ☐ Not Guilty      ☐ Guilty      ☐ Nolo Contendere

6.   Kind of trial: (Check one)     ☐ Jury          ☐ Judge Only

7.   Did you testify at trial?   ☐ Yes   ☐ No

8.   Did you appeal the judgment of conviction?     ☐ Yes   ☐ No

9.   If you did appeal, in what appellate court did you file your direct appeal? _____

     _____   Cause Number (if known): _____

     What was the result of your direct appeal (affirmed, modified or reversed)? _____

     What was the date of that decision? _____

     If you filed a petition for discretionary review after the decision of the court of appeals, answer the following:

     Grounds raised: _____

     _____

     Result: _____

     Date of result: _____   Cause Number (if known): _____

     If you filed a petition for a *writ of certiorari* with the United States Supreme Court, answer the following:

     Result: _____

     Date of result: _____

10.  Other than a direct appeal, have you filed any petitions, applications or motions from this judgment in any court, state or federal?  This includes any state applications for a writ of habeas corpus that you may have filed.     ☐ Yes   ☐ No

11.  If your answer to 10 is "Yes," give the following information:

     Name of court: _____

     Nature of proceeding: _____

     Cause number (if known): _____

Date (month, day and year) you <u>filed</u> the petition, application or motion as shown by a file-stamped date from the particular court: _____

Grounds raised: _____

_____

Date of final decision: _____

What was the decision? _____

Name of court that issued the final decision: _____

As to any <u>second</u> petition, application or motion, give the same information:

Name of court: _____

Nature of proceeding: _____

Cause number (if known): _____

Date (month, day and year) you <u>filed</u> the petition, application or motion as shown by a file-stamped date from the particular court:

_____

Grounds raised: _____

_____

Date of final decision: _____

What was the decision? _____

Name of court that issued the final decision: _____

*If you have filed more than two petitions, applications or motions, please attach an additional sheet of paper and give the same information about each petition, application or motion.*

12.   Do you have any future sentence to serve after you finish serving the sentence you are attacking in this petition?   ☐ Yes   ☐ No

(a)   If your answer is "Yes," give the name and location of the court that imposed the sentence to be served in the future: _____

_____

(b)   Give the date and length of the sentence to be served in the future: _____

_____

(c)   Have you filed, or do you intend to file, any petition attacking the judgment for the sentence you must serve in the future?   ☐ Yes   ☑ No

**Parole Revocation:**

13.   Date and location of your parole revocation: _____

14.   Have you filed any petitions, applications or motions in any state or federal court challenging your parole revocation?   ☐ Yes   ☐ No

   If your answer is "Yes," complete Question 11 above regarding your parole revocation.

**Disciplinary Proceedings:**

15.   For your original conviction, was there a finding that you used or exhibited a deadly weapon?   ☑ Yes   ☐ No

16.   Are you eligible for release on mandatory supervision?   ☐ Yes   ☑ No

17.   Name and location of the TDCJ Unit where you were found guilty of the disciplinary violation: c offcierd unit

   Disciplinary case number: 20190144447

   What was the nature of the disciplinary charge against you? Threated to inflict harm on staff

18.   Date you were found guilty of the disciplinary violation: 4.18.19

   Did you lose previously earned good-time days?   ☑ Yes   ☐ No

   If your answer is "Yes," provide the exact number of previously earned good-time days that were forfeited by the disciplinary hearing officer as a result of your disciplinary hearing: 100 days

   Identify all other punishment imposed, including the length of any punishment, if applicable, and any changes in custody status: 15 Reccreation resticition 45 commisart restiction 15 cell restriction L1 to L3   100 days good time

19.   Did you appeal the finding of guilty through the prison or TDCJ grievance procedure?   ☑ Yes   ☐ No

   If your answer to Question 19 is "Yes," answer the following:

   Step 1 Result: The disciplinary charge is appropriate for the offense and the guilt verdict was supported by a preponderance of evidence

Date of Result: _April 10th 2019_

Step 2  Result: _The Punishment was within established guidelines. No due process or procedural violations noted._

Date of Result: _6.10.19_

**All petitioners must answer the remaining questions:**

20.   For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States.  Summarize <u>briefly</u> the facts supporting each ground.  If necessary, you may attach pages stating additional grounds and facts supporting them.

CAUTION: To proceed in the federal court, you must ordinarily first exhaust your available state-court remedies on each ground on which you request action by the federal court.  Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

A.   **GROUND ONE:** _TDCJ Disciplinary Handbook GR 106 Rule VI-A Right to attend disciplinary court._

Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

_Petitioner was denied his right to attend court. Disciplinary Staff never attempt to escort Petitioner to court at all, lied and fabricated documents stating that I refused to comply with AD Seg Procedures, Violates Due Process_

B.   **GROUND TWO:** _The evidence is insufficient to support the finding of guilt. GR 106 VI-B-5_

Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

_Petitioner was denied his right to confront his accuser and present documentary evidence. "I will not keep playing with you" is not a threat to inflict harm. Violates Due Process. This offense was not proved by a preponderance of evidence, there is no evidence_

C.     **GROUND THREE:** _____

_____

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

D.     **GROUND FOUR:** _____

_____

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

21.     Relief sought in this petition: case # 20190144497 to be removed from Petitioner's disciplinary record and Line 1 received.

_____

_____

_____

_____

_____

22.  Have you previously filed a federal habeas petition attacking the same conviction, parole revocation or disciplinary proceeding that you are attacking in this petition?  ☐Yes  ☑No
If your answer is "Yes," give the date on which each petition was filed and the federal court in which it was filed. Also state whether the petition was (a) dismissed without prejudice, (b) dismissed with prejudice, or (c) denied.

_____

_____

If you previously filed a federal petition attacking the same conviction and such petition was denied or dismissed with prejudice, did you receive permission from the Fifth Circuit to file a second petition, as required by 28 U.S.C. § 2244(b)(3) and (4)?  ☐ Yes  ☐ No

23.  Are any of the grounds listed in question 20 above presented for the first time in this petition?
☐ Yes  ☑ No

If your answer is "Yes," state briefly what grounds are presented for the first time and give your reasons for not presenting them to any other court, either state or federal.

_____

_____

24.  Do you have any petition or appeal now pending (filed and not yet decided) in any court, either state or federal, for the judgment you are challenging?  ☐ Yes  ☑ No

If "Yes," identify each type of proceeding that is pending (i.e., direct appeal, art. 11.07 application, or federal habeas petition), the court in which each proceeding is pending, and the date each proceeding was filed. _____

_____

25.  Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a)  At preliminary hearing: _____

(b)  At arraignment and plea: _____

(c)  At trial: _____

(d)  At sentencing: _____

(e)  On appeal: _____

(f)  In any post-conviction proceeding: _____

(g)     On appeal from any ruling against you in a post-conviction proceeding: _____

_____

**Timeliness of Petition:**

26.     If your judgment of conviction, parole revocation or disciplinary proceeding became final over
one year ago, you must explain why the one-year statute of limitations contained in 28 U.S.C. §
2244(d) does not bar your petition.[1]

_____

_____

_____

_____

_____

_____

---

[1] The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), as contained in 28 U.S.C. § 2244(d), provides in part that:

(1)     A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

   (A)     the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

   (B)     the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

   (C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

   (D)     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)     The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Wherefore, petitioner prays that the Court grant him the relief to which he may be entitled.

_____

Signature of Attorney (if any)

_____


I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for a Writ of Habeas Corpus was placed in the prison mailing system on

_____7 . 12 . 19_____ (month, day, year).

Executed (signed) on ____7 . 12 . 19____ (date).

_____

Signature of Petitioner (<u>required</u>)


Petitioner's <u>current</u> address: 2661 FM 2054 Tennessee

Colony TX 75884

Isreal Hudgins
        Petitioner

V                                           Case No. _____

Jeffcel Lator


ATTENT: Applicants memorandum of Law In Support
            of 2254 Writ


Now comes Isreal Hudgins, Applicant in the above styled and
Cause number, and pursuant to the Fed. R. Cul. P. Rules this
writ seeking relief from arbitrary government actions and violation
of constitutional guarantee rights under the 8th and 14th
amendment to the U.S. Constitution relying on Hames V Kerner,
For less strignal Pleading standards for Pro Se. Prisen litigants,
applicant will show the court the following.


                            I
                      Jurisdiction

This court has Jurisdiction under Article III of the U.S.
Constitution which grants Federal courts Jurisdiction and
conferred Jurisdiction.



                           II
Applicant received a major disciplinary case by officer
unit grievance investigator for threatening to unleicl
Nacul - Macin 21-2019. Applicant was written a case for
freedom of speech. "I will not keep PLAYING with you"
is not a threat to unfold harm. However Applicant was
denied his right to attend disciplinary court - his right
to confront his accuser. Would I McDonnell Furthermore
Disciplinary Capt Boles Establish documents stating that
I Applicant Failed to comply with AD 5eg exit
Procedures - when No one came to my cell to escort me

Applicant in front of all. As a policy all court is conducted without Applicant being present. Applicant had LT Duncan and counsel Substitute Ms Roberts checked the cameras - and on April 18th 2019 at 9:30 PM, the cameras show that no escort ever came to applicant's cell to escort applicant to court. How can applicant fail to comply - when there was no order given to comply to. The disciplinary board clearly violated applicant's Due Process rights and tampered disciplinary documents to cover it up.

## III

Threatening to inflict harm requires action words - as "I will kick your butt" or "I will dash you with that water". I will not keep playing with you" there is no threat in this statement. The evidence is insufficient to prove a threat to inflict harm. This case was generated against applicant to retaliate against applicant for writing to many grievances. At disciplinary court the board would not have found applicant guilty of this offense. Why? This grievance investigator don't walk the walk, how can a threat be carried out against her, and applicant never see her. The evidence the I.O.C applicant sent to this grievance investigator telling this grievance investigator to stop playing with my grievances and process them according to the rules is not enough evidence to prove a threat to inflict harm. Smith v Rabalais.659 F2d 539.545 (5th Cir 1981) all due Process requirements were violated. There is no evidence to support the disciplinary hearing officer decision to find applicant guilty. There is no threat to inflict harm. Reeves v Pettcox.19 F3d 1060 (5th Cir 1994) "I will not keep Playing with you" is not a threat. these words is not Prohibited.

2

IV

Applicant asserts that this whole case that was conducted without was Violates due Process under USCA V the Council. Applicant also asserts that he was demoted to Line 3 which is a Med Serious issue considering Applicant being in Segregation and SCC-State Classification Committee will not consider a release from Segregation as a Line 3 offender. Applicant notes that this case and demotion to Line 3 interferes with being Released from Segregation. Applicant is to wait 12 months major case free to be Promoted back to Line 1. However this Act of 2019 Applicant would be S-4 Again and be released from Seg in Jan 2020. had not the disciplinary board Violated his rights to attend Court. Applicant will not be Promoted back to S-4 until Oct of 2021. This Violation of Applicant due Process rights not only finds Applicant disciplined cured but it also hinder Applicant from being released from Segregation. as a Line 3 offender. Segregation offenders Line class is a Med important issue and is considered at SCC. to be released. Applicant did not threaten this Lady at all and court was conducted without Applicant because the disciplinary board knows the evidence is insufficient to Prove Guilt. Applicant is housed in Segregation on a Void disciplinary offense and the disciplinary board continues to Violate TDCJ Disciplinary Rules.

V

Coffield Grievance Procedure is not in compliance with the rules. I have filed close to Almost Grievances and they All were denied-mainly because the Grievance Procedure is totally in the Grievance investigators hands. The Wardens here do not Participate in Grievance Responses. The Camera clearly Showed that an escort order went to Applicant's Cell to escort Applicant to Court- and the Administration here still denied the Grievance. Look at the date the warden Put on the Step 1.

3

Applicant enters that he was a Constitutional right to Due Process Wolff v McDonnell - 414 u.s. 539-559. These disciplinary rights are absolute. When there is no evidence to prove the disciplinary report - the disciplinary case should be Expectorial. Smith v Rabalais - 659 - Fad 539, 545. 5th cir 1981.

Please note that the grievance investigator wrote this case against the applicant and investigated applicant appeal grievance.

The disciplinary case should be expectorial and removed due to Procedural Due Process Violations - thats been mandated by the U.S Supreme court.

Wherefore Premises considered applicant Prays that after careful Consideration of this application - this court will grant the requested Relief.

Executed this 18th day of July 2019

J Scott Hodgens
TDCJ# 1104933

4

No evidence to support this report. The Disciplinary board is required to have evidence to find an inmate guilty of a disciplinary offense.

The unit administration here has subjected me to several cases that were dismissed at the 591 at Preliminary investigation. This case should have been dismissed at Preliminary investigation this case is totally a form of retaliation there was NO threat made to this lady at all and the Unit Administration knows that.



CLERK, U.S. DISTRICT COURT
RECEIVED
JUL 19 2019
EASTERN DIST. OF TEXAS



